IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DANIEL OLAN-GONZALEZ,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 11-2067 (CVR)

**AMENDED OPINION AND ORDER**

Above plaintiff Daniel Olan-González, (hereafter plaintiff "Olan") filed the present action to obtain judicial review of the final decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying the application for entitlement to a period of disability and ensuing benefits. (Docket No. 1).

On February 12, 2012, plaintiff Olan indicated through his counsel, Atty. Salvador Medina De La Cruz, he consented to jurisdiction by a Magistrate Judge. (Docket No. 5).

On April 18, 2012, the Commissioner answered the Complaint with copy of the administrative record.  On August 17, 2012, plaintiff Olan filed the corresponding memorandum of law.  (Docket No. 18).

Thereafter, on February 7, 2013, the Commissioner filed a Motion to Remand indicating there was good cause to remand the case to the Commissioner for further action so as to re-evaluate the treating source opinions and the psychological expert's testimony, obtain vocational evidence and, if warranted, evaluate the credibility of plaintiff's testimony.  (Docket No. 20).  The request by the Commissioner is considered good cause for remand as per joint conference committee in the Social Security Disability Amendment

Daniel Olan-González vs. Commissioner of S.S.
Civil No. 11-2067 (CVR)
Opinion and Order
Page No. 2

of 1980. H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980). *See* Melkonyan v. Sullivan, 501 U.S. 89, 100 n.2, 111 S.Ct. 2157, 2164 n.2 (1991); Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2629 n.2 (1993).

Remand for further proceedings is also the appropriate remedy following the judicial ALJ's determination that claimant was not disabled and upon review finding said decision not supported by substantial evidence. Remand will also allow the Commissioner to fulfill his role of resolving conflicting evidence, consider additional evidence pertinent to the claimant's insured period, and benefit from the testimonies of vocational and medical experts. Freeman v. Barnhart, 274 F.3d 606, 609 (1st Cir. 2001).

For the reasons above discussed, this United States Magistrate Judge grants the Motion to Remand. (Docket No. 20).

## CONCLUSION

In view of the foregoing, the instant case is REMANDED to the Commissioner.

Judgment to be entered remanding the case to the Commissioner for further administrative action.

In San Juan, Puerto Rico, on this 8th day of February of 2013.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE